IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VICTOR ALEXEEV,

Petitioner,

v.

XAVIER BECERRA,

Respondent.

No. C 19-5150 WHA (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

Petitioner, who appears to be on parole or probation, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. He has paid the filing fee. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted.

## STATEMENT

Petitioner was convicted in Alameda County Superior Court in 2013 pursuant to a plea of nolo contendere. He did not file a direct appeal, but he challenged his conviction in habeas petitions in the superior court and in the California Supreme Court. Both petitions were denied. Thereafter, petitioner filed the instant federal petition.

## ANALYSIS

**A. STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*

*v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**B.    LEGAL CLAIMS**

Petitioner claims that his trial counsel's advice to plead nolo contendere was ineffectual because counsel had not investigated the legal or factual defenses available to petitioner. This claim, when liberally construed, and warrants a response.

**CONCLUSION**

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty-three (63) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state prison disciplinary proceedings that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **twenty-eight days** of the date the answer is filed.

3. Respondent may file, within **sixty-three (63) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file

2

with the court and serve on respondent an opposition or statement of non-opposition within **twenty-eight days** of the date the motion is filed, and respondent shall file with the court and serve on petitioner a reply within **fourteen days** of the date any opposition is filed.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

**IT IS SO ORDERED.**

Dated: November 13, 2019.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE