IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR ALEXEEV, | No. C 19-5150 WHA (PR) |
| Petitioner, | **ORDER GRANTING MOTION TO DISMISS** |
| v. | |
| XAVIER BECERRA, | (Dkt. No. 7) |
| Respondent. | |

## INTRODUCTION

Petitioner, a California prisoner, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the criminal judgment of a state court. Respondent filed a motion to dismiss the petition as untimely. Petitioner opposed the motion, and respondent filed a reply brief. After careful consideration of the record and for the reasons discussed below, the motion to dismiss is **GRANTED** and the case is **DISMISSED**.

## STATEMENT

The parties do not dispute the following. On July 10, 2013, petitioner pled no contest to two sex offense charges against a minor. On September 18, 2013, the trial court sentenced petitioner to a term of five years in state prison. Petitioner did not file a direct appeal. On June 25, 2014, petitioner filed a petition for a writ of habeas corpus in Alameda County Superior Court,[1] and the court denied it on the same day. Approximately three and a half years later, on February 8, 2018, petitioner filed another petition in the same superior court. Petitioner had counsel for that petition. The superior court denied it on March 5, 2018. On July 31, 2018,

---

[1] In any proceeding in which petitioner represented himself, the mailbox rule applies. *See Noble v. Adams*, 676 F.3d 1180, 1182 (9th Cir. 1982). For his pro se petitions, therefore, the filing date set forth herein is the date that petitioner signed the petition because that is the earliest date that he could have handed the petition to authorities for mailing.

petitioner filed a pro se petition for a writ of habeas corpus in the California Supreme Court, and the court denied the petition on February 12, 2019. He filed the instant federal petition on August 6, 2019.

## ANALYSIS

The parties do not dispute that petitioner did not file the instant petition within the one-year statute of limitations for federal habeas petitions. *See* 28 U.S.C. § 2244(d). Federal habeas petitions challenging state court convictions or sentences must be filed within one year of the latest of the date on which the judgment became final after the conclusion of direct review or the time passed for seeking direct review  28 U.S.C. § 2244(d)(1)(A). Petitioner did not seek direct review of his petition in the California Supreme Court, and the time for doing so expired on November 17, 2013. *See* Cal. Rules of Court 8.500(e)(1). Petitioner's judgment became "final" on that date under section 2244(d)(1)(A), which gave petitioner until November 17, 2014, in which to file his federal petition. He did not file the instant petition until August 19, 2019, nearly five years later. Thus, absent tolling, the petition is untimely.

Tolling of the limitations period is provided for the time during which a properly filed application for state post-conviction or other collateral review is pending in state court. 28 U.S.C. 2244(d)(2). The limitations period was tolled under this provision for the one day (June 25, 2014) that petitioner's first state habeas petition was pending in the Alameda County Superior Court. Although petitioner filed additional state habeas petitions in February 2018 and July 2018, the limitations period had long since expired, and there is no tolling under Section 2244(d)(2) for state petitions filed after the limitations period has already run. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). There was also no tolling during the three-plus year gap between petitioner's first and second state habeas petitions because gap tolling does not apply to an unreasonably long delay between state habeas petitions in California. *See Evans v. Chavis*, 546 U.S. 189, 198 (2006); *see*, *e.g.*, *Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011 (no tolling during gaps of 81 and 91 days because delays of that length were unreasonable). Consequently, the only statutory tolling was one day, far short of the tolling necessary to render the petition timely. The parties do not dispute this point.

2

1    Petitioner argues that he is entitled to equitable tolling during the three-plus year gap
2 between his frist two state habeas petitions. To begin with, even with tolling for that entire
3 time, the instant petition would still be untimely because it was filed more than five years after
4 the limitations period had run. Put differently, after petitioner's second habeas petition was
5 denied on March 5, 2018, approximately 18 months of untolled time elapsed before he filed the
6 instant petition on August 6, 2019. Even with the equitable tolling petitioner seeks, therefore,
7 the one-year limitations period would have expired before he filed the instant petition.

8    Additionally, petitioner has not shown grounds for equitable tolling. "[A] 'petitioner' is
9 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently,
10 and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."
11 *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*, 544 U.S. at 418). The petitioner
12 has the burden to show that he is entitled to equitable tolling. *Ibid.* The first prong requires a
13 petitioner to show that he was reasonably diligent during the existence of the extraordinary
14 circumstances that prevented his timely filing. *Bibbs v. LeGrand*, 767 F.3d 879, 892 (9th Cir.
15 2015). Petitioner claims that equitable tolling should apply because his trial counsel failed to
16 conduct a sufficient investigation into his offense. There is no authority that trial counsel's
17 ineffectiveness constitutes an extraordinary circumstance for purposes of equitable tolling.
18 More importantly, there is no nexus between counsel's failure to investigate the offense and
19 petitioner's inability to file his petition on time. Petitioner does not claim that he did not have
20 access to his record or his counsel's files about his cases, nor does he allege that counsel misled
21 him or prevented him from filing a habeas petition in the state or federal courts sooner.
22 Petitioner also makes no showing of diligence as he does not describe what efforts, if any, he
23 made to file the instant petition, investigate his case, or locate counsel either during years
24 between his state habeas petitions or after he completed those petitions. Equitable tolling does
25 not apply here because petitioner has not shown that despite his diligence, extraordinary
26 circumstances prevented him from filing the instant petition.

27    Neither equitable nor statutory tolling save the instant petition --- filed over five years
28 after the limitations period expired --- from being untimely.

3

**CONCLUSION**

For the foregoing reasons, respondent's motion to dismiss the petition as untimely is **GRANTED** and the petition is **DISMISSED**.

Rule 11(a) of the Rules Governing Section 2254 Cases now requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. Petitioner has failed to make a substantial showing that a reasonable jurist would find the dismissal of his petition debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: June 24, 2020.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE